[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR STATUTORY CONTINUANCE # 118
The defendants, David and Mary Baylis (the Baylis'), move for a statutory continuance of three months as well as the setting aside of the default for failure to appear against Longshore Development, Ltd. (Longshore), which was granted by the clerk on August 13, 1998. The court requests the parties to submit evidence and/or move for an evidentiary hearing to determine whether Longshore is a foreign corporation and whether Longshore had actual notice of this suit.
In the present action, Longshore was served by World Savings and Loan Association (World Savings) pursuant to General Statutes § 52-59b(c), which provides the court with jurisdiction over nonresidents and foreign partnerships. World Savings argues that a statutory continuance should not be granted because General Statutes § 52-87[1] permitting statutory continuances does not apply to any civil action in which service of process is made pursuant to subsection (c) of § 52-59b, where, as here, the nonresident or foreign partnership owns, uses or possesses real property in the state. The Baylis' argue that Longshore is a foreign corporation improperly served under § 52-59b and that a statutory continuance should be granted. There is no evidence in the record, however, as to whether Longshore is a foreign corporation or a foreign partnership.
World Savings argues that regardless of the type of service, Longshore has actual notice of this action. If the court finds that Longshore received actual notice, the court may deny the motion for a continuance.[2] Although World Savings has submitted a registered mail return receipt signed by a Tanya Edgecombe, it is not properly authenticated since no evidence has been presented stating who Tanya Edgecombe is and what connection, if any, she has to Longshore.
Moreover, there is no evidence that the signature on the mailcard CT Page 12900 is authentic. Although "[a] properly authenticated registered mail return receipt card may be used to establish that the defendant received actual notice," an evidentiary hearing should be held to determine who Tanya Edgecombe is and whether her signature on the mailcard is authentic. City of Milford v.Bencivenga, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 032109 (November 7, 1990, Curran, J.).
The court requests the parties to submit evidence regarding the aforementioned matters and/or move for an evidentiary hearing to determine what type of entity Longshore is and whether Longshore received actual notice of this suit. It is not necessary to address the motion to set aside the default at this time because the default will automatically be set aside by the clerk if Longshore, the defaulted party, files an appearance in this action prior to the entry of judgment after default. Practice Book § 352, now Practice Book (1998 Rev.) § 17-20.
BALLEN, J.